■ CHOWDARY GOPIE, Respondent, v HEITUS RUB HENRIQUEZ et al., Appellants. [818 NYS2d 536]—

In an action to compel specific performance of an option for

the purchase of real property and for a judgment declaring that the option was validly exercised, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), dated September 15, 2004, which granted the plaintiff's motion for summary judgment, denied their cross motion for summary judgment, declared that the plaintiff validly exercised his option to purchase the real property, and directed them to "specifically perform the option agreement and convey to the plaintiff the subject premises upon payment therefor pursuant to the terms and conditions of the option agreement."

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof directing the defendants to "specifically perform the option agreement and convey to the plaintiff the subject premises upon payment therefor pursuant to the terms and conditions of the option agreement" and substituting therefor a provision directing the defendants to specifically perform the option agreement in accordance with its terms and conditions; as so modified, the order and judgment is affirmed, with costs to the plaintiff.

The plaintiff was a commercial tenant in a building owned by Yolanda Henriquez (hereinafter the decedent), located in Queens. On or about November 14, 1995, the plaintiff and the decedent entered into an option agreement permitting the plaintiff to purchase the building during a five-year option period beginning on November 14, 1995. The purchase price was to be negotiated upon the exercise of the option. A memorandum of option was also executed and the signatures of both the plaintiff and the decedent on the memorandum were notarized by an attorney. The decedent's signature on the option agreement was witnessed. The option agreement and the memorandum of option were both recorded in October 1996 in the Office of the City Register.

By letter dated January 26, 1998, the plaintiff exercised the option. The decedent's attorney responded by a letter alleging, inter alia, that the option was fraudulent. The plaintiff brought this action against the decedent for a judgment declaring that the option was validly exercised and for specific performance of the option agreement. The decedent died on July 29, 1999. By order dated February 20, 2002, the defendants, Heitus Rub Henriquez and Gina Brando, the decedent's children and coexecutors of the estate, were substituted as defendants in the action.

The plaintiff moved for summary judgment, and the defendants cross-moved for summary judgment. The Supreme Court granted the motion and denied the cross motion. We agree.

The plaintiff tendered sufficient evidence to demonstrate his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). He validly exercised the option triggering the decedent's obligation to negotiate a purchase price and sell the property to him. In opposition, the defendants failed to establish the existence of a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). The defendants failed to raise an issue of fact, inter alia, with respect to the defenses of fraud, duress, undue influence, or lack of capacity, or the validity of the option agreement or its exercise.

However, we modify the order and judgment to direct that the option agreement be performed by the defendants in accordance with its terms.

The defendants' remaining contentions are without merit. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.